# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| EVA S. REED, | * |
| | *  No. 17-352V |
| Petitioner, | *  Special Master Christian J. Moran |
| | * |
| v. | * |
| | *  Issued: May 14, 2019 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *  Dismissal; insufficient proof; |
| | *  MMR vaccine; clinically isolated |
| Respondent. | *  syndrome. |

* * * * * * * * * * * * * * * * * * * *

### DECISION DENYING ENTITLEMENT AND DISMISSING PETITION[1]

On May 7, 2019, Ms. Reed moved, unopposed, for the entry of a decision dismissing her petition. She states that, based upon a change in her experts' positions, she believes she will no longer be able to prove entitlement to compensation. Because the undersigned agrees with petitioner's assessment that her proof falls short of that required by Congress, petitioner's motion is GRANTED, and her petition is DISMISSED for insufficient proof.

\*   \*   \*

Ms. Reed filed her petition for compensation on March 15, 2017. She alleges that she suffered monofocal clinically isolated syndrome (CIS) that was caused by measles, mumps, and rubella (MMR) vaccines she received on March 4, 2014, and April 8, 2014. See Am. Pet., filed Feb. 8, 2019, at ¶ 2.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1

As detailed in respondent's Rule 4(c) report, Ms. Reed presented for emergency care on April 17, 2014, approximately three weeks after her second MMR vaccination. Exhibit 3 at 3. She complained of a constellation of non-specific symptoms and was referred to neurology. Id. at 3-7. Three weeks later she was seen by her neurologist, Dr. Gerald Dove. Exhibit 4 at 6-7. Dr. Dove later served as one of Ms. Reed's experts. See exhibit 22. Again, a wide array of non-specific symptoms was reported by Ms. Reed to Dr. Dove, and social factors, including personal stressors she was experiencing, were considered in Dr. Dove's assessment of Ms. Reed. Id. Additional testing over the course of the following weeks failed to identify the cause of Ms. Reed's condition. Exhibit 3 at 36-38, 118, 120-21; exhibit 4 at 64, 69. During this period, Dr. Dove considered the possibility of a vaccine reaction, noting: "[w]hether this is post vaccination clinically isolated syndrome or whether this is the harbinger of MS remains to be seen." Exhibit 4 at 69-70.

In July 2014, two months after the evaluation by Dr. Dove, Ms. Reed sought treatment from the Mayo Clinic Center for MS and Autoimmune Neurology. Exhibit 6 at 8-10. The examinations, which included multiple MRIs and laboratory testing, returned "no evidence of neurologic dysfunction, either on examination or on other studies." Id. at 21.

Over the course of the following years, petitioner sought treatment from multiple providers and often associated various ailments with the MMR vaccine she received on April 8, 2014. See generally Resp't's Rep., filed Jan. 16, 2018, at 3-13. However, no testing ever identified a neurological condition concordant with Ms. Reed's symptoms. Id.

Nevertheless, petitioner filed a petition for compensation under the Vaccine Act on March 15, 2017. She alleged that the MMR vaccines caused her a "neurological injury" that has manifested as paresthesias, headaches, and neck and back pain that she continues to experience to this day. Pet., filed Mar. 15, 2017, at ¶ 2. Ms. Reed did not accompany her petition with medical records. It was not until October 30, 2017 that Ms. Reed filed all medical records and affidavits required by the Vaccine Rules. Respondent submitted his Rule 4(c) Report on January 16, 2018. In the report, respondent opposed compensation on the grounds that petitioner had not sufficiently specified a compensable injury, much less established preponderant evidence that her alleged injury was caused-in-fact by the vaccines. Resp't's Rep., filed Jan. 16, 2018, at 14-16.

In the Rule 5 status conference, petitioner stated that she would supplement her petition with expert reports. See order, issued Jan. 24, 2018. Shortly thereafter, Ms. Reed amended her petition to identify her injury as monofocal CIS. Am. Pet., filed Feb. 8, 2018, at ¶ 2. Ms. Reed filed an expert opinion from Dr. Dove, exhibit 22, on March 22, 2018. Respondent filed a responsive expert opinion from Dr. Jeffrey Gelfand, a neurologist, on August 20, 2018. The submission of respondent's report was delayed while the parties undertook settlement discussions. See order, issued Apr. 4, 2018. Petitioner then filed a report from Dr. Praful Kelkar, a different neurologist, on December 11, 2018. Exhibit 28. Respondent submitted a final responsive report from Dr. Gelfand on April 8, 2019. Exhibit I. Dr. Gelfand's final report was based upon his personal review of Ms. Reed's MRIs from 2014 and 2015, instead of the summaries provided by Ms. Reed's treating radiologists. Upon his own review of the images, Dr. Gelfand concluded that the MRIs were not consistent with a demyelinating disease. Id. at 3-4.

On May 7, 2019, Ms. Reed moved to dismiss her petition. In her motion, petitioner states that one of her experts, Dr. Dove, is no longer willing to act as an expert and another expert, Dr. Kelkar, has changed his opinion and no longer supports petitioner's claim. Pet'r's Mot., filed May 7, 2019, at ¶ 1. Accordingly, petitioner stated that it would be unreasonable to continue on her petition. Id. at ¶ 2.

Petitioners are required to establish their cases by a preponderance of the evidence. 42 U.S.C. § 300aa–13(1)(a). The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted). In other words, Ms. Reed must prove that, more likely than not, she was injured by her vaccinations.

The facts in the record do not allow the undersigned to find that the evidence preponderates in favor of Ms. Reed's claim that her vaccinations caused her to develop CIS or any other neurological condition. Ms. Reed's treating physicians were unable to discern that she suffered from any neurological injury that was consistent with the symptoms she displayed. Furthermore, the Secretary provided compelling expert testimony that was consistent with the assessments of Ms. Reed's treating physicians. Although Ms. Reed, at one point, provided expert

testimony in support of her claim, it appears that those experts have re-evaluated their support of Ms. Reed's position upon the presentation of additional medical records and medical opinions. Ms. Reed has now evaluated her position and, reasonably, requested for the undersigned to dismiss her petition because the petition is no longer tenable. The undersigned agrees with Ms. Reed's assessment.

For these reasons, the undersigned finds that Ms. Reed has been provided a full and fair opportunity to present her case of a vaccine injury. Furthermore, the undersigned finds that the evidence entered by Ms. Reed is not sufficient to meet her statutory burden for proving a compensable vaccine injury. Accordingly, Ms. Reed's petition is DISMISSED pursuant to Vaccine Rule 8(d).

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master