# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
EVA S. REED,                     *
                                 *    No. 17-352V
               Petitioner,       *
                                 *    Special Master Christian J. Moran
                                 *
v.                               *    Filed: November 25, 2019
                                 *
SECRETARY OF HEALTH              *    Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
               Respondent.       *
* * * * * * * * * * * * * * * * * * ** *
```

<u>Kathleen Margaret Loucks</u>, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner;
<u>Robert Paul Coleman, III</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 13, 2019, petitioner Eva S. Reed moved for final attorneys' fees and costs. She is awarded **$75,783.85**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*     \*     \*

Ms. Reed filed her petition for compensation on March 15, 2017, alleging that she suffered monofocal clinically isolated syndrome (CIS) that was caused by the measles, mumps, and rubella (MMR) vaccines she received on March 4, 2014, and April 8, 2014. *See* Am. Pet., filed Feb. 8, 2019, at ¶ 2. After unsuccessful attempts at both informal resolution and providing supplemental expert opinion, Ms. Reed moved to dismiss her petition. Pet'r's Mot., filed May 7, 2019, at ¶ 1.

On May 13, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $63,670.50 and attorneys' costs of $16,970.75 for a total request of $80,641.25. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 6. On June 21, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends that "the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply thereafter.

\*     \*     \*

Petitioners who have not been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C.§300aa—15(e)(1). Respondent agrees that the statutory requirements for an award of attorneys' fees and costs have been met in this case. Response at 4.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her attorneys; Ms. Kate Westad: $340.00 per hour for work performed in 2015, and $345.00 per hour for work performed in 2016; Ms. Kathleen M. Loucks: $349.00 per hour for work performed in 2017, $358.00 per hour for work performed in 2018, and $360.00 per hour for work performed in 2019; Ms. Sheila Bjorklund: $370.00 per hour for work performed in 2017, and $375.00 per hour for work performed in 2018. Fees App. at 5. Petitioner also requests paralegal rates of $125.00 - $139.00 per hour for all work performed. Id. at 6. These rates require further discussion.

Starting with the rates requested for Ms. Westad, the undersigned finds that they exceed what he has previously determined to be reasonable. See Dahl by Barth v. Sec'y of Health & Human Servs., No. 13-98V, 2018 WL 6818741, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). As a result of this reasoned analysis, the undersigned determined that Ms. Westad should be compensated at $250.00 per hour for work performed prior to July 2015 and $260.00 per hour for work performed thereafter until March 2016. Id.  Petitioner has not advanced an argument that the undersigned should deviate from this prior determination of

rates. Accordingly, the undersigned shall compensate Ms. Westad's work at the aforementioned rates, resulting in a reduction of **$1,553.00**.[2]

Turning next to the rates requested for Ms. Bjorklund, the undersigned finds that another downward adjustment is also necessary. Previously, the undersigned had determined that $320.00 per hour was a reasonable rate for Ms. Bjorklund's work in 2014. Dahl by Barth, 2018 WL 6818741 at *2. Since that time, the undersigned has not had the opportunity to consider an appropriate rate for Ms. Bjorklund's work in more recent years, nor does it appear that any special master has issued a reasoned decision addressing an appropriate hourly rate for Ms. Bjorklund. To do so, the undersigned, as he has done in the past, shall use the Producer Price Index – Offices of Lawyers ("PPI-OL") as an inflation index. Moriarty v. Sec'y of Health & Human Servs., No. 03-2876V, 2019 WL 2635839, at *3 (Fed. Cl. Spec. Mstr. May 13, 2019). Increasing Ms. Bjorklund's 2014 rate to account for yearly inflation yields an overall reduction of **$109.00** to the amount attributable to time billed by Ms. Bjorklund.

Concerning the rates requested for Ms. Loucks, the undersigned finds them to be reasonable. The rates requested fall into the middle of the range on the OSM Attorneys' Forum Hourly Rate Fee Schedules for the given years, which is appropriate considering Ms. Loucks' overall experience of approximately 19 years practicing law but relative inexperience as a Vaccine Program practitioner. Additionally, other special masters who have considered these rates have found them to be reasonable. See, e.g., Zerwas v. Sec'y of Health & Human Servs., No. 17-874V, 2018 WL 7049432 (Fed. Cl. Spec. Mstr. Dec. 6, 2018). Accordingly, no adjustment to Ms. Loucks' rates is necessary.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

---

[2] ($340.00 per hour requested - $250.00 per hour awarded) * 11.7 hours = $1,053.00. ($345.00 per hour requested - $260.00 per hour awarded) * 6.0 hours = $500.00. $1,053.00 + $500.00 = $1,553.00

However, upon viewing the submitted time entries, the undersigned notes that petitioner is requesting compensation for various tasks that are more properly categorized as either administrative /clerical, or paralegal tasks. <u>Rochester v. United States</u>, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"). The undersigned adjusted the calculation to reflect the reductions for these items, eliminating compensation for administrative tasks. The undersigned finds that this total reduction amounts to **$1,735.50**.

Additionally, the undersigned notes that petitioner's counsel billed full hourly rates for travel. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See* <u>Hocraffer v. Sec'y of Health & Human Servs.</u>, No. 99-533V, 2011 WL 3705153, at \*24 (Fed. Cl. Spec. Mstr. July 25, 2011); <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, No. 06-559V, 2009 WL 2568468, at \*21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); <u>English v. Sec'y of Health & Human Servs.</u>, No. 01-61V, 2006 WL 3419805, at \*12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." <u>Gruber v. Sec'y of Health & Human Servs.</u>, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Petitioner's counsel has not provided an explanation as to why a full hourly rate should be awarded for their time when traveling. As such, the undersigned finds it necessary to reduce petitioner's awarded costs in the amount of **$1,459.90.** Petitioner is therefore entitled to final fees in the amount of **$58,813.10**.

C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $16,970.75 in costs, comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's experts, Drs. Gerald Dove and Praful Kelkar in reviewing medical records and preparing expert reports. Fees App. at 40-42. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has not identified any of the

costs as objectionable, and the undersigned finds them to be largely reasonable.[3] Accordingly, petitioner is entitled to the full amount of costs sought.

### E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$75,783.85** (representing $58,813.10 in attorneys' fees and $16,970.75 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's attorney, Kathleen Margaret Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] The undersigned notes that he is finding the amounts requested for expert work reasonable in light of the work performed in the instant case and is not reaching a determination as to whether an expert's requested hourly rate is reasonable or not. The undersigned retains the right to assess the reasonableness of an expert's hourly rate in future cases in light of the work performed in that case.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.